Williams, Judge,
delivered the opinion of the court:
The plaintiff, then a major in the United States Army, with a completed commissioned service of thirteen years and four months, was placed on the retired list of the Army on November 26, 1922. He was retired under the act of June 30, 1922, 42 Stat. 716, 722, 723, which provided for the reduction of the commissioned personnel of the Army as. follows:
- “ Officers selected for elimination of less than ten years’' commissioned service may, upon recommendation of the board herein provided for, be discharged with one year’s pay; or those of more than ten years and less than twenty years’ commissioned service may, upon recommendation of the board, be placed on the unlimited retired list with pay at the rate of 21>4 per centum of their active pay multiplied by the number of complete years of such commissioned service; or those of more than twenty years’ commissioned service may, upon recommendation of the board, be placed on the unlimited retired list with pay at the rate of 3 per centum of their active pay multiplied by the number of complete years of such commissioned service, not exceeding 75 per centum. * * * Provided further, That commissioned service for the purposes of this act shall include only-active commissioned service in the Army performed while' under appointment from the United States Government whether in the Regular, provisional, or temporary forces.”'
Plaintiff was recalled to active duty on April 3, 1923. and served until June 15, 1930. He then had to his credit 13 years and four months of commissioned service prior to retirement and seven years two months and twelve days subsequent to retirement, a total of twenty years six months and twelve days of active commissioned service. He also, prior to his commissioned service in the Army, had served four years as a midshipman at the Naval Academy, to which service he is entitled to credit for longevity and pay-period purposes.
Since June 16, 1930, plaintiff has received retired pay at the rate of $132.71 per month, less deductions authorized by law, which was computed at 2% percent of the active duty pay of a major with over twenty-four and less than twenty-seven years’ service for longevity, multiplied by 13, the number of full years of commissioned service at the time of his *637 retirement. He contends that he is entitled to retired pay computed at 3 percent of the active duty pay of a major with over twenty-four and less than twenty-seven years of active service multiplied by 20, the number of years of his active commissioned service prior and subsequent to retirement, or in the alternate, to retired pay computed at 2*4 percent of the active duty pay of a major multiplied by the same number of years.
Section 17 of the act of June 10, 1922, 42 Stat. 632, as-amended by the act of May 26, 1928, 45 Stat. 774, provides :•
“ Seo. 17. That on and after July 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this act: which pay shall include increases for all active duty perfomred since retirement in the computation of their longevity pay and pay periods: Provided^ That nothing contained in this act shall operate to reduce the present pay of officers, warrant officers, and enlisted men now on the retired list of officers or warrant officers in an equivalent status of any of the services mentioned in the title of this act. Active duty performed after June 30, 1922, by an officer on the retired list or its equivalent shall not entitle such officer to promotion.”
The parties agree that the amendatory act of May 26, 1928, made no substantial change in the original act, its purpose being to clear up uncertainties under previous interpretations of the law holding that only active commissioned service performed before retirement could be considered in computing retired pay. Both parties, therefore, agree that the seven years two months and twelve days’ active service performed by plaintiff subsequent to retirement must be considered in determining plaintiff’s retired pay, but they disagree as to how and to what extent the additional service may be used. The Comptroller General in the case of Major Engel, 8 Comp. Gen. 87, held that active duty performed after retirement could be counted only in the computation of longevity pay and period pay of retired officers, and that the percentage of active duty pay to be paid a retired officer fixed by the law under which he was retired was in no way-changed by reason of such service.
We think the Comptroller General has correctly construed the law. In the case of an officer retired from the active *638 service under the general retirement laws, as for age or length of service, Ms retired pay is 75% of his active-service pay, winch consists of the pay of his rank plus any longevity or period pay to which his length of active service may entitle him. This 75% of his active-service pay might properly be termed his base retirement pay, as it is not increased, but remains the same unless the officer be subsequently assigned to active service and renders sufficient additional active service to place him in a higher longevity or pay period, in which event his retirement pay would be increased ■by 75% of such increase in his longevity or period pay.
Upon the same basis, and reasoning by analogy, in the absence of any indication of legislative intent to the contrary, the base retirement pay of an officer retired under the 1922 act, with more than ten and less than twenty years of service, would be 2y2% of his similar active-service pay at the time of his retirement, multiplied by the number of years of active commissioned service, subject to increase as in the former case by reason of longevity and pay period additions resulting from subsequent active duty service. The percentage is specifically fixed by statute in both cases, 75% in one, 2%% ■multiplied by the number of years of active commissioned ■service at the time of retirement in the other, which in the plaintiff’s case was 32j4%. There is nothing in section 17 of the act of June 10, 1922, as amended by the act of May 26, 1928, that indicates an intention-on the part of Congress to change this percentage in any way. The provision, “ which pay shall include increases for all active duty performed since retirement in the computation of their longevity pay and pay periods ”, means just what it says and nothing more. It clarifies and makes plain what was already the law, that retired officers have the right to include in the computation of their longevity pay and pay periods all active service performed after retirement. To the extent that active duty service performed after retirement increases the longevity pay or advances an officer to a higher pay period, it operates to increase the retired pay he is entitled to receive, but not otherwise.
*639 Plaintiff when, relieved from active duty as a retired officer on June 15, 1930, had, including his active service after retirement, and the four years’ service as a midshipman at the Naval Academy, in the computation of his longevity pay and pay period, a service of over twenty-four years. This service entitled him to the base pay prescribed for a major of the fifth pay period, with longevity of over twentj^-four years’ service, or $408.33 per month. He was, therefore, entitled to receive as retired pay 32%% of this amount, the percentage definitely and finally fixed by the act under which he was retired, or $132.71 per month. He has received this amount. The petition is therefore dismissed. It is so-ordered.
Whaley, Judge-; Littleton, Judge; Gbeen, Judge; and Booth, Chief Justice, concur.